# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOFTON RYAN BURRIS, et al., | Case No. CV 14-3247-FMO (DTB) |
| Plaintiffs, | ORDER TO SHOW CAUSE |
| vs. | |
| WELLS FARGO BANK, N.A., et al., | |
| Defendants. | |

Plaintiff Lofton Ryan Burris and nine other named plaintiffs ("plaintiffs") filed this putative class action on April 28, 2014. The 75-page Complaint alleges 23 claims on behalf of plaintiffs themselves and those similarly situated against 34 named defendants as well as doe defendants. The named plaintiffs have appeared in this action pro se and seek to represent all "similarly situated persons living within the jurisdiction of the United States of America, to recover Money and Real property stolen by way of fraud, deceit, and dishonesty of these 'dirty and low down' defendants, their employees, agents, and legal representatives, including all of the named and unknown defendants . . . ." (Complaint at 5 (emphasis omitted).) The putative class is defined as "persons who initiated, held or assumed mortgages with any of the defendants from 2006 to 2014 whose commercial paper was traded as Mortgage Backed Securities, or persons whose mortgages were converted to stock

1

investments and subsequently transferred to Real Estate Trusts and who subsequently faced foreclosures and/or evictions, including those persons who were in Adverse Possession of Real Properties after illegal foreclosures perpetrated with ROBO-SIGNERS, false grant deeds, fictitious persons, or by other fraudulent methods, and all other persons who were victims of Bankruptcy Scams, foreclosure, and eviction lawsuits by defendants and persons who held Real Estate or stock assets with any of the defendants." (Complaint at 12 (emphasis omitted).) Plaintiffs assert that the putative class is comprised of "millions of people." (Id.) Plaintiffs appear to be asserting class claims for all 23 claims, including, *inter alia*, claims for fraud, violations of the Racketeer Influenced Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1961, et seq., violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., and civil rights violations. Plaintiffs seek $4,155,000,000.00 in damages. (Complaint at 71.)

Under Federal Rule of Civil Procedure 23(a)(4), a class representative must "fairly and adequately protect the interests of the class." Accordingly, "[a] litigant may bring his own claims to federal court without counsel, but not the claims of others." Flymbo v. State Farm Fire & Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000); see also Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008) ("It is well-established that the privilege to represent oneself pro se provided by § 1654 is personal to the litigant and does not extend to other parties or entities."); McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966); White v. Green, 310 F. App'x 159, 160 (9th Cir. 2009)[1]; Kendall v. United States, 541 F. App'x 781, 781 (9th Cir. 2013), cert. denied, 134 S. Ct. 1523 (2014). Because non-lawyer class representatives cannot appear pro se, the Court orders plaintiffs to show cause in writing, no later than September 3, 2014, why the class action allegations should not be dismissed.

///

---

[1] Cited for its persuasive value pursuant to Ninth Circuit Rule 36-3.

Additionally, it appears that, based on a review of the allegations in the Complaint, plaintiffs are misjoined in this action.

Federal Rule of Civil Procedure 20(a), which allows for permissive joinder, provides:

> (1) Plaintiffs. Persons may join in one action as plaintiffs if:
>
> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all plaintiffs will arise in the action.

See also League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency, 558 F.2d 914, 917 (9th Cir. 1977). "The first prong, the 'same transaction' requirement, refers to similarity in the factual background of a claim." Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997).

Here, plaintiffs' claims against defendants do not appear to arise out of the same transaction or occurrence. Although it appears that plaintiffs' claims relate to mortgage foreclosures, as best the Court can glean, they relate to different transactions and properties. (See Complaint at 5.) The allegations of the Complaint are vague, conclusory, and generalized; fail to identify any particular transactions or properties at issue; and involve multiple different banking institutions. Plaintiffs purport to provide a list of all of the properties at issue in an exhibit attached to the Complaint, but the copy of the Complaint filed with the Court does not include any such exhibit. (See, e.g., Complaint at 27.)

Because the allegations do not appear to arise out of the same transaction, occurrence, or series of transactions or occurrences, and because plaintiffs have not sufficiently alleged that there are any questions of law or fact that will arise in this action that are common to all plaintiffs, plaintiffs have failed to satisfy the

prerequisites for joinder under Fed. R. Civ. Proc. 20(a). See also Coughlin, 130 F.3d at 1351 ("the mere fact that all Plaintiffs' claims arise under the same general law does not necessarily establish a common question of law or fact"). As such, the Court also orders plaintiffs to show cause why all of the plaintiffs other than the first named plaintiff Lofton Ryan Burris should not be dropped from this action by September 3, 2014.

Plaintiffs are ordered to personally serve a copy of this Order on any defendant that has already been served with the Complaint within seven (7) court days of the date of this Order or at the time of service of any defendant that has not already been served.

DATED: August 5, 2014

DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE